## Gill v. Grand Lodge Brotherhood of Railroad Trainmen

(Decided Feb. 25, 1938.)

W. FRED HUME for appellant.

WITHERS & LISMAN for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In March, 1920, Henry M. Gill, now deceased, was a resident of Providence, Webster county, Ky., and an employee of the Louisville & Nashville Railroad Company, and became a member of the Grand Lodge Brotherhood of Railroad Trainmen, hereinafter called the Brotherhood. At the time the deceased became affiliated with the Brotherhood, he joined Incline Lodge No. 242 at Evansville, Ind., hereinafter called the Evansville Lodge; that being the local lodge covering the Evansville district of Louisville & Nashville employees which included the town of Providence.

Upon petition and application therefor, the Brotherhood issued to Gill a beneficiary certificate in the sum of $1,600. He continued in the employ of the railroad company until about the year 1923, when he ceased to work for it and accepted employment with the Ruckman Coal Company in Providence, Webster county, Ky., and continued to work for the coal company until the time of his death in 1935.

After he quit the employment of the railroad company, he continued his membership in the Brotherhood and paid his dues to the Evansville Lodge No. 242 until he was expelled from the Brotherhood by Fitzhugh Lee Lodge No. 536, Paducah, Ky., hereinafter called the Paducah Lodge.

The town of Providence where decedent resided is also served by the Illinois Central Railroad Company, and the employees of the Paducah Lodge were served by the Illinois Central Railroad Company, thus bringing the employees of the respective railroad companies within the same territory.

In the year 1930 the United Mine Workers attempted to unionize the coal mines of Webster county, and a strike resulted. The decedent, Gill, continued to work in his employment with the coal company, notwithstanding the strike, and the employees of the railroad company, being sympathetic to the cause of the United Mine Workers, reported to the Paducah Lodge No. 536 that decedent was continuing to work for the coal company as a strike breaker, and charged him with "acceptance of employment during a legally authorized strike." The Grand President of the Brotherhood re-

ferred the charges to the Paducah Lodge No. 536, and that lodge notified decedent of the charge and that his trial was set for January 20, 1931, at 7:30 p. m. at the lodge hall in Paducah, Ky. Decedent acknowledged receipt of the charge and notice of hearing, but by letter advised the lodge that he could not be present. He was found guilty of the charge, and the committee hearing the case recommended that he be expelled, and its report was accepted and concurred in by the lodge, and he was thereupon expelled.

After the death of decedent, in 1935, four years after his expulsion, his widow, the appellant, brought this suit in the Webster circuit court seeking to collect the insurance represented by the certificate issued to her decedent. She bases her action solely upon the ground that her decedent was under the sole jurisdiction of the Evansville Lodge No. 242, and that the Paducah Lodge No. 536 had no authority to expel him, and his expulsion is void.

The petition briefly sets out that plaintiff's decedent was an employee of the Louisville & Nashville Railroad company, and that in March, 1920, appellee, the Brotherhood, issued the certificate of insurance in question and that decedent regularly paid his dues until the first day of February, 1931 (after his expulsion), at which time the Evansville Lodge refused to accept the dues tendered and offered by decedent; that decedent had complied with all the rules and regulations of the Brotherhood; and that his certificate of insurance was in force at the time of his death.

The Brotherhood filed its answer denying, among other things, that the benefit certificate sued on was in force and effect at the time of the death of decedent and denied that he should recover thereon. It further pleaded affirmatively that decedent worked in the coal mines as a "strike breaker" and thereby violated the principles of the Brotherhood, and that the Paducah Lodge had jurisdiction over the territory embracing the town of Providence, Ky., where decedent resided, and had such jurisdiction at the time he was expelled. It filed, as an exhibit with its answer, the charges preferred against decedent, which it alleged was in accordance with the constitution of the Brotherhood, and also filed copies of notice to decedent of the charges, time

and place of trial, and also his letter acknowledging receipt of the notice in which he stated that he was not guilty, and further stated that he could not be present at the trial. There is also filed with the pleadings copies of all steps and proceedings had from the institution of the charges to and including the order of expulsion of decedent, all of which appear to be regular on their face.

Appellant filed her reply in which she denied that her decedent violated any of the rules or regulations of the Brotherhood and denied that the Paducah Lodge had jurisdiction over her decedent at the time he was expelled, but admitted that the lodge filed charges against him and that he was tried without being present and was expelled by the Paducah Lodge, but again averred that the action of the lodge was without jurisdiction over her decedent. She admitted that her decedent accepted employment with the coal company, but denied that any legally authorized strike was in progress.

Appellee filed its rejoinder in which it pleaded certain sections of the constitution and rules of the Brotherhood as authority for the charges preferred against the decedent, and which also gave the Paducah Lodge jurisdiction and authority to try him. A copy of the constitution and rules of the Grand Lodge and subordinate lodge is filed with the record.

The court overruled the demurrer to the rejoinder, and appellant failing to plead further, the court entered judgment dismissing her petition. She appeals.

Appellant relies upon various sections of the constitution and rules of the Brotherhood, and more particularly section 50 of the constitution of the Grand Lodge, which provides that:

"Any member who violates any of the laws, rules or principles of the Brotherhood, when beyond the jurisdiction of his lodge, may be brought to trial by the lodge under whose jurisdiction such offense is committed, *as provided in the constitution of Subordinate Lodges.*" (Our italics.)

It is argued for appellant that under the above-quoted provision of the constitution the Evansville Lodge only had jurisdiction of decedent. However, it

is our view that the section of the constitution, supra, must be read in connection with other sections of the constitution.

Section 9 of the constitution is very comprehensive and confers wide authority upon the Grand President of the Brotherhood. It is provided in that section, among other things that, the Grand President, ''shall interpret all laws pertaining to the Brotherhood and shall decide all controversies and appeals referred to him by subordinate lodges or members thereof. Such decisions shall be final unless reversed by the Board of Directors or Board of Appeals, etc.''

It is shown by the record, and not denied, that the Grand President referred the charges to the Paducah Lodge and authorized that lodge to try decedent upon said charges. It is to be noticed that section 9 empowers the President to adjust all grievances referred to him, and *shall interpret all laws pertaining to the Brotherhood.* It appears from the action of the President in referring the charges to the Paducah Lodge and authorizing it to try decedent it was the President's interpretation of the law of the Brotherhood that he had the authority to invest the Paducah Lodge with jurisdiction of decedent.

Section 92 of the constitution of subordinate lodges provides that:

''The jurisdiction of this lodge shall be that assigned to it by the Grand Lodge of the Brotherhood of Railroad Trainmen. It shall have jurisdiction over all members of the Brotherhood residing within its limits or employed on the system which it represents. Its decisions upon all matters within the power and limit of subordinate lodges of the Brotherhood shall be final unless appealed to and reversed by the President of the Brotherhood.''

The town of Providence where decedent resided was traversed by the Louisville & Nashville Railroad Company, of which decedent was an employee, with his membership in the Evansville Lodge, and also traversed by the Illinois Central Railroad Company, whose employees are affiliated with the Paducah Lodge. But both systems were interlapping, and decedent appears to have been within the territory of both systems and both subordinate lodges. It is our interpretation of the

constitution and rules of the Brotherhood that no subordinate lodge is a law unto itself, but all subordinate lodges are subject to the rules and regulations of the Grand Lodge and Grand President, and are subject to such rules and regulations as may be prescribed by the Grand Lodge authorities.

It appears to us that section 9 of the constitution of the Grand Lodge and section 92 of the subordinate lodge, when read in connection with section 50, authorized the President of the Grand Brotherhood to invest the Paducah Lodge with authority to try the decedent.

But conceding, arguendo, that the President was without authority to authorize the Paducah Lodge to try decedent, it must not be overlooked that section 9 of the constitution of the Grand Lodge and section 92 of the constitution of subordinate lodges provides that the President's decision shall be final until appealed to and reversed by the board of directors or board of appeals, and section 149 provides that:

"An officer or member believing that an injustice has been done him in a trial * * * may appeal from such action to the President of the Brotherhood * * * within 60 days from the time the verdict is rendered. * * *"

If decedent was grieved at the action of the Paducah Lodge in expelling him, it then became his duty to appeal as provided in the various sections of the constitutions, supra.

It is the well-settled rule that members of voluntary and fraternal organizations, like and similar to the one here involved, must first exhaust all remedies by appeal or otherwise as may be provided in the constitution and rules of such organizations to which they voluntarily submit themselves, before resorting to court proceedings for the protection of their rights. Aulich et al. v. Craigmyle et al., 248 Ky. 676, 59 S. W. (2d) 560; and cases cited therein; 5 C. J. 1364; 25 R. C. L., pages 59 and 60.

It is obvious that under the constitution and rules of the Brotherhood decedent had the remedy of appeal, and having not resorted to that remedy, the decision of the lodge must be final.

Judgment affirmed.